UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION
CASE NO:

EDWARD SANCHEZ, an individual

       Plaintiff,

vs.

CITY OF KEY WEST, FLORIDA,

       Defendant.
_____/

## COMPLAINT

Plaintiff Edward Sanchez ("Plaintiff" or "Sanchez"), by the undersigned attorneys, files this civil action Complaint and Jury Demand ("Complaint") against Defendant City of Key West, Florida ("Defendant"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1. This civil action is brought pursuant to ADEA, 29 U.S.C. § 621 et seq., this Court has federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(4).

2. Venue is proper in this judicial district because the Defendant is subject to personal jurisdiction therein by virtue of their substantial, continuous, and systematic commercial activities in this District. See 28 U.S.C. § 1391(b), (c). Venue is also proper because it is where a substantial part of the events or omissions giving rise to the cause of action herein occurred.

## PARTIES

3. At all relevant times, Mr. Sanchez was over 40 years of age, see 29 U.S.C. § 631(a), and Defendant denied him employment, see 29 U.S.C. § 623(a)(1), (2).

4. Defendant City of Key West, Florida ("Defendant" or "KWFD") is a governmental body established pursuant to the laws of Florida and is located within this judicial district and

provides fire safety for the City of Key West.

5. Defendant is a "employer" as defined by §11(b) of the Age Discrimination in Employment Act, as amended [29 U.S.C. §630(b)].and an employer within the meaning of 42 U.S.C. § 2000e(b).

6. Plaintiff Edward Sanchez ("Sanchez") filed a timely charge with the United States Equal Employment Opportunity Commission ("EEOC") (Charge No. 510-2017-02767) on May 5, 2017, alleging that Defendant discriminated against him in employment based on his age.

7. All conditions precedent to this lawsuit have been performed or have occurred.

(General Factual Allegations)

8. Sanchez was first hired by the City of Key West, Fire Department ("KWFD") in October of 1986 and continued working for over 25 years.

9. Sanchez was extremely qualified for the position of firefighter given his 25 years of experience.

10. Sanchez left his position at KWFD in 2012. He was eligible and reapplied for the position of firefighter/EMT with KWFD.

11. During the application process he exceeded all other applicants in overall performance of the standard tests for the position.

12. Despite his exemplary performance, experience and letters of recommendations for two prior KWFD Fire Chiefs, Sanchez was passed over by younger applicants.

13. There were five positions available and all the applicants beside Sanchez and another individual were hired. The other individual was not hired due to a medical condition which required surgery.

14. These five applicants who were hired were all under 40 years of age and considerably younger than Sanchez.

15. Sanchez set a meeting with the then current KWFD Chief, Chief Davila who explained to Sanchez that he only hires young applicants. Chief Davila stated he preferred younger people because they could remain with KWFD for twenty years or more.

16. In short, Chief Davila said Sanchez at 53 years of age was too old for the position of firefighter with KWFD.

17. Again, in January of 2017, KWFD was hiring for the position of Firefighter.

18. Sanchez applied for the position with KWFD and was excelled on all the tests for the position.

19. Again, Sanchez was passed over for a younger applicant in their 20s.

20. Clearly, Sanchez was discriminated and harassed based upon his age by KWFD supervisors and was given an unlawful reason not hiring Sanchez.

## COUNT I

**Unlawful Intentional Age Discrimination (Disparate Treatment) in Violation of the ADEA, 29 U.S.C. § 621 et seq.**

21. Sanchez realleges and incorporates herein by reference the foregoing paragraphs.

22. Sanchez filed a timely charge of age discrimination with the EEOC and has satisfied all preconditions to bringing this action. Sanchez has exhausted his administrative remedies. Sanchez timely files this suit following notice of his right to sue.

23. At all relevant times, the Defendant has been, and continues to be, an employer within the meaning of the ADEA, 29 U.S.C. § 630. At all relevant times, the Defendant has been engaged in interstate commerce within the meaning of the ADEA, id., and has employed, and continues to employ, twenty or more employees.

24. The ADEA makes it unlawful for employers and their agents "to fail or refuse to hire . . . any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1).

25. Sanchez was 58 years old at the time he applied for the Senior Counsel, Procedural Solutions position with the Defendant.

26. Sanchez was qualified for the position of Firefighter/EMT.

27. Significantly younger, less qualified individuals were hired instead of Sanchez.

28. Refusing to consider an applicant on the grounds that the applicant has more experience than an arbitrarily determined maximum was a way of intentionally weeding out older

applicants like Sanchez. KWFD believed that these older candidates were not desirable, qualified candidates because of stereotypes and unfounded assumptions regarding older workers' commitment and their willingness to be managed by younger, less-experienced supervisors.

29. The Defendant's violations of the ADEA were intentional and willful.

30. As a direct and proximate result of the foregoing violations of the ADEA, Sanchez has sustained economic and non-economic damages, including, but not limited to, denial of the wages and other benefits, lost interest on those wages and other benefits, and loss of any potential opportunity to advance within KWFD.

**COUNT II**
**Age Discrimination – Violation of Florida Statute 760.10(1)(a)**
**As Against Defendant KWFD**

31. Sanchez repeats and realleges each and every allegation in paragraphs 1 through 21 above as though fully set forth at length herein.

32. At all times mentioned in this complaint, all provisions of the Florida Civil Rights Act of 1992 were in full force and effect and were binding on Defendant KWFD.

33. Sanchez is a 53-year-old male. During Sanchez's application process with Defendant KWFD, Defendant KWFD through the conduct of its agents and managers discriminated against Plaintiff Sanchez on the basis of his age and subjected Plaintiff Sanchez to adverse employment actions on the basis of his age. Defendant KWFD's discrimination included, but was not limited to, the following:

   a. Subjecting Plaintiff Sanchez to different terms, conditions, and discipline than younger applicants;
   b. Subjecting Plaintiff Sanchez to arbitrary, unfair, and dishonest criticisms regarding application process;
   c. Allowing KWFD supervisor/chief to single out Plaintiff Sanchez and subject him to severe or pervasive adverse employment actions by denying him employment based upon his age.

35. Sanchez filed timely charges of age discrimination and harassment with the Florida

Commission on Human Relations ("FCHR", hereinafter) through the United States Equal Employment Opportunity Commission ("EEOC", hereinafter). In his charges, Sanchez set forth examples of Defendant's wrongful harassing conduct. A copy of Sanchez's EEOC charge is attached hereto as Exhibit "A," and is incorporated herein by reference. The FCHR has not made a determination with respect to the claims made in Sanchez's EEOC charge. Sanchez waited 180 days from the date he filed his charge with the EEOC before filing this lawsuit. Therefore, Sanchez has exhausted all of his administrative remedies.

36. As a proximate result of Defendant's unlawful conduct, as set forth above, Sanchez has suffered and continues to suffer substantial losses incurred in seeking subsequent comparable employment, earnings, deferred compensation, earning capacity, back pay, front pay, and other employment benefits, all to his detriment, in an amount to be shown according to proof.

37. As a further proximate result of Defendant's unlawful conduct, Sanchez has suffered and continues to suffer psychological injuries, embarrassment, humiliation, mental anguish and other general damages, all to his detriment, in an amount to be shown according to proof.

38. Moreover, as a result of Defendant's unlawful conduct, as alleged herein, Sanchez is entitled to reasonable attorneys' fees and costs of said suit as provided by Florida Statute §760.11.

39. Sanchez demands judgment against the Defendant KWFD, a trial by jury on all issues so triable and any other relief this Court deems just and proper.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Sanchez prays judgment against Defendants, as follows:

1. For special and economic damages, including but not limited to, back pay and front pay, past, present, and future income, compensatory damages, lost wages and lost employee benefits, for all causes of action;

2. For general damages and non-economic damages, mental and emotional distress damages, damages for physical injuries and anguish, and other special and general damages according to proof, for all Counts;

3. For an award of interest, including prejudgment interest, at the legal rate;

4. For costs and fees of suit herein incurred;

5. For injunctive relief including requiring Defendant KWFD to adopt reasonable postings and changes in personnel policies and procedures regarding Age harassment, and discrimination, requiring training about Age discrimination for all managerial employees, for a permanent injunction enjoining Defendant KWFD, its agents, successors and employees and those acting in concert with them from engaging in each of the unlawful practices, policies, usages and customs set forth hereinabove, and for such other injunctive relief as the Court may deem proper;

6. For reasonable attorneys' fees, including attorneys' fees pursuant to the Florida Human Relations Act of 1992 § 760.11;

7. For reinstatement to the job of Firefighter/EMT (or to a comparable job) and backpay or, in the alternative, pay for such job beginning on the date the position in question was filled and extending for a reasonable time into the future;

8. For such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues so triable in this action.

Dated this 27th day of July 2021.

Respectfully Submitted,

/s/ David McGill

_____
David McGill, Esquire
Attorney for Plaintiff
The McGill Law Firm, LLC
2655 S. Le Jeune Rd Suite 310
786 375 5621 O
800 615 9815 F
Florida Bar No. 021872
dkmcgill@mcgilllegal.com

Received

| CHARGE OF DISCRIMINATION | | AGENCY | CHARGE NUMBER |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974, See Privacy act statement before completing this form. | | [ ] FEPA | |
| | and EEOC | [X] EEOC | 510-2017-00767 |
| State or local Agency, if any | | | |

MAY 09 2017 EEOC Miami District

| NAME (Indicate Mr., Ms., Mrs.) | | HOME TELEPHONE (Include Area Code) |
|---|---|---|
| Mr. Edward Sanchez | | 305-747-4820 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
| 412 White Street Apartment 201 | Key West, FL 33040 | 07-23-1963 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code): |
|---|---|---|
| The City of Key West Fire Department | >100 | 305-809-3939 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| 1300 White Street | Key West, FL 33040 | Monroe |

| NAME | NUMBER OF EMPLOYEES, MEMBERS: | TELEPHONE (Include Area Code) |
|---|---|---|
| | | |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| | | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box (es))

[ ] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN
[ ] RETALIATION   [X] AGE   [ ] DISABILITY   [ ] OTHER FLSA

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA): 3/2016    LATEST (ALL): 03/2017
[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, all/each extra sheet(s): My name is Edward Sanchez, I am a 53-year-old firefighter that worked for the city key west fire department ("KWFD") for over 25 years (Oct '86-Mar '12). I earned an Associate Degree in Fire Science. I am certified: in Aircraft Firefighting (ARFF), as an Emergency Medical Technician, national & state ("EMT"), Fire-Inspector, HAZMAT Tech, and USAR. I completed FEMA National Response training and <1700 hours of fire-related education/certificates. Personally, I am a competitive CrossFit Athlete. I left KWFD after completing the DROP program in '12. I was/am eligible and applied as a KWFD firefighter/ EMT ("FF") in Jan '16. I started over as if never employed by KWFD, including completing a required vigorous agility test. I exceeded all other applicants in overall performance. Despite my exemplary results, extensive experience, and letters of recommendation from two prior KWFD Chiefs, I was not hired for five (5) FF positions. All applicants other than myself and one other, were hired. All persons hired are under 40 and substantially younger than me. Persons hired for FFs are: Hillary (20s-30s, hire Mar/Apr '16), Pedro (20s, hired May/Jun '16), James (20s, hired Aug/Sept '16), Ariel (20s, Hire Aug/Sept '16). Per KWFD staff, the other person (<40) was not hired solely because he needed surgery for a condition and would be unable to work for a period of time. KWFD hires on a rolling basis only eligible applicants who pass the agility test and have open applications in the last twelve months. At all times, I was eligible, passed the agility test, and had an open application in the last twelve months and continue to be eligible for employment. KWFD refused to hire me, favoring younger, less experienced applicants, for every FF they hired. When I spoke with the current KWFD chief, Chief Davila explained why he hired younger applicants, nearly a half dozen times, despite my being more qualified, experienced, and highly recommended. Davila stated his preference was to hire people who could remain with KWFD for 20+ years. This preference prevented Davila from hiring me at age 53, because he preferred to hire only young people to work for KWFD, possibly 20 years or more. FF positions require no time commitment to the KWFD. KWFD posted another FF position in Jan '17, while my application and agility test were open and valid. KWFD could have hired me for this position. Instead, KWFD recruited new applicants and administered a second agility test within twelve months, in Jan - Feb '17. Again, I surpassed all applicants on this agility test. Again, despite exemplary work history, superior agility performance, KWFD hired a young applicant, Tyler (20s, Hire Feb 17). At every opportunity, I was denied an FF position with KWFD, due to my age. In contrast, in '15, Monroe County interviewed and hired me for an identical FF position with Monroe County Fire Rescue. Unfortunately, I resigned from that position prior to applying to KWFD for personal reasons. I am qualified in all aspects to be a KWFD FF. KWFD stated that age was a motivating factor in their hiring decisions and I was not hired. All things equal, had I not been over the age of 40, and age 53 I would have been hired for any of the five (5) available FF positions. KWFD violated the terms of ADEA and failed to hire me for five (5) different FF positions, in favor of younger, less experienced, less qualified applicants.

[x] I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone Number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 5-5-17   Charging Party: [signature]

State of Florida Notary

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge information and belief

x/ [signature]
SIGNATURE OF COMPLAINANT          DATE 5-5-17

Sworn to and subscribed to before the undersigned notary public in and for said jurisdiction this 5 day of May, 2017

My commission expires:

VERONICA DIAZ
Notary Public - State of Florida
My Comm. Expires Dec 18, 2017
Commission # FF 077962

EEOC Form 5 modified

EEOC Form 161 (11/2020)        **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Edward Sanchez<br>412 White Street<br>Apt. 201<br>Key West, FL 33040 | From: | Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2017-02767 | **Mario R. Hernandez, Investigator** | (786) 648-5841 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Jacqueline Gabriel for      04/29/2021

Enclosures(s)      **Paul Valenti, District Director**      *(Date Issued)*

cc:

| **Respondent's Representative**<br>**Shawn Smith**<br>**City Attorney**<br>**CITY OF KEY WEST**<br>**P.O Box 1409**<br>**Key West, FL 33041** | **Charging Party's Representative**<br>**David McGill, Esq.**<br>**PBY&A LAW FIRM**<br>**283 Catalonia Avenue, Suite 200**<br>**Coral Gables, FL 33134** |
|---|---|